IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Jay Randolph Rush, )
 )  C/A No. 0:16-1340-TMC
           Plaintiff. )
 )
v. )  **ORDER**
 )
Nancy A. Berryhill, )
Acting Commissioner of Social Security, )
 )
           Defendant. )

Plaintiff Jay Randolph Rush ("Plaintiff") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that Plaintiff was the prevailing party and the position taken by the Commissioner[1] in this action was not substantially justified. (ECF No. 29). On September 13, 2017, the Commissioner responded that she did not object to an award of $3,881.87 in attorney's fees pursuant to the EAJA. (ECF No. 30).

Under the EAJA, a court shall award attorney's fees to a prevailing party[2] in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't*

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993). The remand in this case was made pursuant to sentence four.

1

*of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Plaintiff seeks an hourly rate in excess of $125 per hour for an increase in the cost of living allowance. Specifically, Plaintiff seeks an award of $187.53 per hour for 20.70 attorney hours for a total fee of $3,881.87. The Commissioner has not objected to Plaintiff's calculation of the hourly rate and the court finds the calculation reasonable.

Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Furthermore, after a thorough review of the record, the court finds that Plaintiff has made a proper showing under the EAJA and, therefore, grants his motion for attorney's fees. Accordingly, the court grants Plaintiff's motion for attorney's fees (ECF No. 29) and orders that Plaintiff be awarded $3,881.87 in attorney fees.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina.
September 29, 2017

---

[3]The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).